**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VINCENT DEVITA, | : | **Hon. Noel L. Hillman** |
| Petitioner, | : | Civil No. 08-3698 (NLH) |
| v. | : |  |
| JOHN GRONDOLSKY, | : | **OPINION** |
| Respondent. | : |  |

**APPEARANCES:**

    VINCENT DEVITA, #13842-056
    F.C.I. Fort Dix
    P.O. Box 2000 East
    Fort Dix, New Jersey 08640
    Petitioner Pro Se

**HILLMAN**, District Judge

    Vincent DeVita, a prisoner confined at the Federal Correctional Institution at Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the consecutive nature of federal sentences imposed by the United States District Court for the Eastern District of North Carolina. Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition for lack of jurisdiction.

**I.   BACKGROUND**

    Petitioner challenges the fact that the sentencing court ordered the terms of imprisonment of 60 months and 120 months,

imposed for two counts of violating 18 U.S.C. § 924(c)(1), use or carrying a firearm during or in relation to a drug trafficking felony, to run consecutively to each other and to the 87-month sentence imposed for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846.  Petitioner argues that under the Second Circuit's 2008 decision United States v. Whitley, 529 F. 3d 150 (2d Cir. 2008), federal law required the sentences to run concurrently.

On July 7, 1992, a grand jury in the United States District Court for the Eastern District of North Carolina returned a seven count superseding indictment against Petitioner charging him with conspiracy to distribute and possess with intent to distribute cocaine, see 21 U.S.C. § 841(a)(1) (count one); possession with intent to distribute cocaine, see 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (counts two and five); and four counts of use and carrying a firearm in relation to a drug trafficking felony (counts three, six, seven and eight).  See United States v. DeVita, Crim. No. 92-0064-F-1 superseding ind. (E.D.N.C. July 7, 1992).  In accordance with a guilty plea, on November 23, 1992, Petitioner was sentenced to 87 months for conspiracy on count one, and to two consecutive 60-month and 120-month sentences for two counts of carrying a firearm in furtherance of a drug trafficking felony.  See United States v. DeVita, Crim. No. 92-0064-F-1 order (E.D.N.C. Aug. 7, 2007).  No

sentence was imposed on count eight to reflect the court's downward departure pursuant to the government's motion.  Id.  On March 13, 1996, the United States Court of Appeals for the Fourth Circuit affirmed.  See United States v. DeVita, C.A. No. 92-5838, 1996 WL 111880 (4th Cir. 1996).

On April 24, 1997, Petitioner filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, challenging his sentence pursuant to Bailey v. United States, 516 U.S. 137 (1995).  See DeVita v. United States, Civ. No. 97-0312 (E.D.N.C. filed April 24, 1997).  On June 3, 1997, Senior United States District Judge James C. Fox denied the motion as factually unsupported.

On January 20, 2005, Petitioner filed a § 2241 petition challenging his sentence under Bousley v. United States, 523 U.S. 614 (1998), in the United States District Court for the Southern District of Florida, where he was then confined.  See DeVita v. Grayer, Civil No. 05-20162 (PAS) (S.D. Fla. filed Jan. 20, 2005).  On February 10, 2005, United States District Judge Patricia A. Seitz granted Petitioner's motion to dismiss the petition in order for petitioner to obtain authorization to file a successive § 2255 motion from the Court of Appeals, and dismissed the petition without prejudice.  Id.  On March 23, 2005, the Fourth Circuit Court of Appeals denied the application to file a successive petition.

On April 7, 2005, Petitioner refiled his § 2241 motion in the Southern District of Florida, which transferred the petition to the sentencing court as a § 2255 motion. See DeVita v. Grayer, Civil No. 05-20961 (S.D. Fla. filed April 7, 2005). Petitioner appealed the transfer, and on June 14, 2005, the Eleventh Circuit Court of Appeals dismissed the appeal for lack of jurisdiction. See DeVita v. Grayer, C.A. No. 05-12740-C order (11th Cir. June 14, 2005). Petitioner thereafter filed a supplement to the § 2255 motion in the sentencing court. By order filed August 1, 2007, Judge Fox dismissed the § 2255 motion and supplement as successive § 2255 motions and as untimely.

On October 19, 2007, Petitioner filed a § 2241 petition in the United States District Court for South Carolina challenging his conviction under Bailey. See DeVita v. Rivera, Civil No. 07-3459 (CMC) (S.C. filed Oct. 19, 2007). On July 8, 2008, United States District Court Judge Cameron McGowan dismissed the action with prejudice for failure to prosecute. Id.

Petitioner, who is confined at FCI Fort Dix, executed the § 2241 Petition presently before this Court on July 17, 2008. The Clerk received it on July 24, 2008. Petitioner challenges the sentence imposed on November 23, 1992, under 28 U.S.C. § 2241 on one ground:

> Ground One: THE DISTRICT ERRED WHEN [IT] IMPOSED CONSECUTIVE SENTENCES AGAINST PETITIONER VINCENT DEVITA.

> Supporting FACTS: United States v. Whitley, 2d Cir., No. 06-0131-cr, 6/16/08.  The federal law that mandates a consecutive sentence for a defendant's use or possession of a firearm during certain offenses, 18 U.S.C. § 924(c)(1)(A), does not apply when the defendant is also subject to a higher - but potentially concurrent - minimum penalty by another statute.  (See Exhibit A).

(Pet. ¶ 10.a.)  Exhibit A is a digest of the Second Circuit's Whitley decision prepared by the Bureau of National Affairs, Inc., dated July 2, 2008.

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

5

> A prisoner in custody under sentence of a
> court established by Act of Congress claiming
> the right to be released upon the ground that
> the sentence was imposed in violation of the
> Constitution or laws of the United States, or
> that the court was without jurisdiction to
> impose such sentence, or that the sentence
> was in excess of the maximum authorized by
> law, or is otherwise subject to collateral
> attack, may move the court which imposed the
> sentence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255, ¶ 1.

Section 2255 prohibits a second or successive motion under § 2255 unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. §§ 2255, 2244(b).

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective." [1]  See 28

---

[1] The "inadequate or ineffective" language was necessary
(continued...)

U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus
> [pursuant to 28 U.S.C. § 2241] in behalf of a
> prisoner who is authorized to apply for
> relief by motion pursuant to this section,
> shall not be entertained if it appears that
> the applicant has failed to apply for relief,
> by motion, to the court which sentenced him,
> or that such court has denied him relief,
> unless it also appears that the remedy by
> motion is inadequate or ineffective to test
> the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id.  The Third Circuit Court of

---

¹(...continued)
because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

Appeals emphasized that the provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.  Id. at 539.

In In re Dorsainvil, 119 F.3d at 251, the United States Court of Appeals for the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[2]  The Court of Appeals first determined that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims.  However, the court held that, under the narrow circumstances present, § 2255 was inadequate and ineffective:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in

---

[2] As Petitioner did in previous § 2241 petitions, Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct.  The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final.  See  Bousley v. United States, 523 U.S. 614 (1998).  "[D]ecisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct . . . necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'"  Id. at 620 (1998) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

>             amending § 2255.  **However, allowing someone
>             in Dorsainvil's unusual position - that of a
>             prisoner who had no earlier opportunity to
>             challenge his conviction for a crime that an
>             intervening change in substantive law may
>             negate, even when the government concedes
>             that such a change should be applied
>             retroactively - is hardly likely to undermine
>             the gatekeeping provisions of § 2255.**

Dorsainvil at 251 (emphasis added).[3]

Here, Petitioner argues that his 60-month and 120-month sentences imposed for possession of a firearm in furtherance of a drug trafficking crime were illegally made to run consecutively to each other and to his 87-month sentence for drug trafficking. It is clear that such a challenge to the sentence is within the scope of claims that are cognizable under § 2255.  Therefore, this Court lacks jurisdiction under § 2241 to entertain Petitioner's claim unless § 2255 is inadequate or ineffective for him to raise it.

Although Whitley was not decided until after Petitioner's conviction became final, it does not follow that § 2255 is an inadequate or ineffective procedural mechanism for Petitioner to raise this claim.  Section 2255 is not inadequate or ineffective "merely because the sentencing court does not grant relief, the

---

[3] Several courts of appeals have adopted similar tests.  See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997).

one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." In re Cradle, 290 F.3d at 539.  Moreover, § 2255 is not inadequate or ineffective for a prisoner like Petitioner to raise a Whitley claim, even where he had no earlier opportunity to raise the claim because Whitley was not decided until after his conviction became final and his first § 2255 motion was decided.  See Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) ("Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal. Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument").  Because Whitley did not render carrying a firearm in furtherance of a drug trafficking crime non-criminal, § 2255 is not an inadequate or ineffective remedy for Petitioner to raise his consecutive sentence challenge pursuant to Whitley.  See Okereke, supra.  This Court accordingly lacks jurisdiction to entertain the claim under § 2241, and will dismiss the Petition for lack of jurisdiction.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.

                                            s/Noel L. Hillman  
                                            **NOEL L. HILLMAN**  
                                            **United States District Judge**

At Camden, New Jersey

Dated:   August 8,  , 2008